IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUERDE JUSTE<br>514 Synder Road<br>Reading, PA 19609 | : <br> : <br> : | |
| | : | CIVIL ACTION |
| and | : | |
| | : | |
| MARIE CHERY<br>514 Synder Road<br>Reading, PA 19609 | : <br> : <br> : | NO. |
| | : | |
| Plaintiffs, | : <br> : | |
| | : | |
| v. | : <br> : | |
| | : | |
| UNITED STATES POSTAL SERVICE<br>550 Kenhorst Plaza<br>Reading, PA 19607 | : <br> : <br> : | |
| | : | |
| ALEXA ALTHOUSE<br>c/o United States Postal Service<br>550 Kenhorst Plaza<br>Reading, PA 19607 | : <br> : <br> : <br> : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE 1–3<br>Whose names and identities are unknown, | : <br> : | |
| | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

Under 28 U.S.C. § 1442(a)(1), the United States of America, on behalf of federal defendants United States Postal Service and Alexa Althouse, files this notice of removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers as follows:

1.      28 U.S.C. § 1442(a)(1) authorizes the removal of any civil action commenced in state court against the United States of America or any federal officer or agency, which includes the United States Postal Service (USPS), arising out of acts committed under color of federal office.

2.      On July 27, 2022, plaintiffs Guerda Juste and Marie Chery commenced this action by filing a Complaint in the Berks County, Pennsylvania Court of Common Pleas, Dkt. No. 22–11667, naming as defendants the USPS, Alexa Althouse, and John Doe 1–3.

3.      A copy of the Complaint and docket are attached as Exhibit 1 to this Notice.

4.      The plaintiffs allege that on or about August 4, 2020, defendant Althouse was negligently operating a USPS vehicle and struck a vehicle driven by plaintiff Juste, in which plaintiff Chery was a passenger. The plaintiffs further allege that Althouse was an employee of defendant USPS, and that USPS is vicariously liable for her actions.

5.      The plaintiffs allege personal and property damages in excess of $50,000.00.

6.      According to the state court docket, the Berks County Sheriff personally delivered copies of the Complaint to defendants USPS and Althouse, on August 15 and 16, 2022, respectively, by leaving copies with employees of a retail Post Office location.

7.      To date, however, the Complaint has apparently not been served on either the United States Attorney General or the United States Attorney, as required by law.

8.      A copy of this Notice of Removal will be filed in the Prothonotary's Office of the Court of Common Pleas of Berks County, and sent to counsel for all parties.

9.      No bond is required as this notice is filed by the United States.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Susan R. Becker for GBD
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Mark J. Sherer
MARK J. SHERER
Assistant United States Attorney
615 Chestnut St., Suite 1250
Philadelphia, PA 19106
(215) 861-8445
mark.sherer@usdoj.gov

Dated: September 15, 2022

# EXHIBIT 1

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

Benjamin Steinberg, Esquire
Attorney I.D. No.: 208316
Lerner, Steinberg & Associates
359 E. Street Road
Feasterville, PA 19053
(215) 355-6400
(215) 355-5629 (fax)
ben@isalaw.com

| | | |
|---|---|---|
| Guerda Juste | : | Court of Common Pleas |
| 514 Snyder Road | : | County of Berks |
| Reading, PA 19609 | : | |
| and | : | |
| Marie Chery | : | No. |
| 514 Snyder Road | : | |
| Reading, PA 19609 | : | |
| Plaintiffs | : | |
| v. | : | |
| United States Postal Service | : | |
| 550 Kenhorst Plaza | : | |
| Reading, PA 19607 | : | |
| and | : | |
| Alexa Althouse | : | |
| c/o United States Postal Service | : | |
| 550 Kenhorst Plaza | : | |
| Reading, PA 19607 | : | |
| and | : | |
| John Doe 1-3 | : | |
| Whose names and identities are | : | |
| unknown | : | |
| Defendants | : | |

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

NOTICE TO DEFEND
NOTIFICACIÓN PARA DEFENDERSE
NOTICE
You have been sued in court. If you wish to defend
against the claims set forth in the following pages, you
must take action within twenty (20) days after this
complaint and notice are served, by entering a written
appearance personally or by attorney and filing in
writing with the court your defenses or objections to the
claims set forth against you. You are warned that if you
fail to do so the case may proceed without you and a
judgment may be entered against you by the court
without further notice for any money claimed in the
complaint or for any other claim or relief requested by
the plaintiff. You may lose money or property or other
rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR
LAWYER AT ONCE. IF YOU DO NOT HAVE A
LAWYER, GO TO OR TELEPHONE THE OFFICE
SET FORTH BELOW. THIS OFFICE CAN PROVIDE
YOU WITH INFORMATION ABOUT HIRING A
LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER,
THIS OFFICE MAY BE ABLE TO PROVIDE YOU
WITH INFORMATION ABOUT AGENCIES THAT
MAY OFFER LEGAL SERVICES TO ELIGIBLE
PERSONS AT A REDUCED FEE OR NO FEE.
Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610)375-4591
www.BerksBar.org
AVISO
Le han demandado a usted en el tribunal. Si usted quiere
defenderse de las demandas expuestas en las páginas
siguientes, usted debe tomar acción en el plazo de veinte (20)
días a partir de la fecha en que se le hizo entrega de la
demanda y la notificación, al interponer una comparecencia
escrita, en persona o por un abogado y registrando por escrito
en el tribunal sus defensas o sus objeciones a las demandas en
contra de su persona. Se le advierte que si usted no lo hace, el
caso puede proceder sin usted y podría dictarse un fallo por el
juez en contra suya sin notificación adicional y podría ser por
cualquier dinero reclamado en la demanda o por cualquier
otro reclamo o desagravio en la demanda solicitado por el
demandante. Usted puede perder dinero o sus propiedades u
otros derechos importantes para usted.
USTED DEBE LLEVARLE ESTE DOCUMENTO A SU
ABOGADO INMEDIATAMENTE. SI NO TIENE
ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE
UNO, VAYA O LLAME POR TELEFONO A LA OFICINA
EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE
INFORMACION RESPECTO A COMO CONTRATAR A UN
ABOGADO.
SI NO PUEDE CORRER CON LOS GASTOS PARA
CONTRATAR A UN ABOGADO, ESTA OFICINA
PUDIERA PROVEERLE INFORMACION RESPECTO A
INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS
LEGALES A PERSONAS QUE CALIFICAN PARA LA
REDUCCION DE HONORARIOS O QUE NO TENGAN
QUE PAGAR HONORARIOS.
Servicio de Recomendación para Contratar Abogados
del Colegio de Abogados del Condado Berks
544 Court Street
Reading, Pennsylvania 19601
Teléfono (610) 375-4591
www.BerksBar.org

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

<u>CIVIL COMPLAINT  - PERSONAL INJURY</u>
<u>NEGLIGENCE - MOTOR VEHICLE</u>

1.    Plaintiff, Guerda Juste, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, and resides at the address above stated.

2.    Plaintiff, Marie Chery, is an individual, citizen and resident of the Commonwealth of Pennsylvania, and resides at the address above stated.

3.    Defendant, Alexa Althouse, is an adult individual, citizens and resident of the Commonwealth of Pennsylvania who is an employee of the United States Postal Service at the address above stated.

4.    Defendant, United States Postal Service, hereinafter referred to "USPS," is a  Corporation and/or other business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania and/or any other state, with a principal office located at the address above stated.

5.    At all times material hereto, the Defendant, Alexa Althouse, acted individually and/or within her scope of employment, and/or as agent, employee, servant, workman, of the Defendant, USPS, and specifically at the direction of the Defendant, USPS.

6.    At all times material hereto, Defendant, USPS, acted individually, and/or  by and through its agents, workmen, servants, employees and or workman, Alexa Althouse, who was within her scope of employment and/or agency, such that Defendant, USPS, is therefore was/is vicariously liable for the negligent and careless conduct of the Defendant, Alexa Althouse, who was acting within the course and scope of her employment and/or agency, and of USPS.

7.    Defendants, John Doe 1-3, are adult individuals, whose names and addresses are unknown.

8.    Pursuant to 75 Pa. C.S.A. Section 1705 *et seq*., Plaintiffs are entitled to full tort status.

9.    On or about August 4, 2020, Plaintiff, Guerda Juste, was operating a motor vehicle traveling south on Funston Avenue at or near Lancaster in Berks County, Pennsylvania and stopped

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

in traffic, with passenger, Marie Chery.  Suddenly and without warning, a vehicle owned by the Defendant, USPS, and operated by the Defendant, Alexa Althouse, that was also traveling south on Funston Avenue behind Plaintiff's vehicle, carelessly, negligently and violently struck Plaintiff's vehicle in the rear.

10.     As a result of this accident, plaintiffs, Guerda Juste and Marie Chery, all suffered severe and permanent bodily injury and property damage and other out of pocket damage and losses.

### COUNT I

**Plaintiff,   Guerda Juste v. Defendants, Alexa Althouse and John Doe 1-3**

11.     Plaintiff, Guerda Juste, incorporates herein paragraphs 1 through 10, inclusive, as if fully set forth below at length.

12.     The negligent and careless conduct of the Defendants, consisted of the following:

    a.     Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

    b.     Failing to have said vehicle under proper and adequate control, and to be able to stop rather than striking the Plaintiff's vehicle in the rear;

    c.     Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff's vehicle;

    d.     Operating said vehicle at a dangerous and excessive rate of speed;

    e.     Being inattentive to her duties as an operator of a motor vehicle;

    f.     Failing to bring said vehicle to a stop within the assured cleared distance ahead;

    g.     Failing to remain continually alert while operating said vehicle;

    h.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    i.     Failing to give plaintiff meaningful warning signs concerning the impending collision;

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

j.      Failing to exercise ordinary care to avoid a collision;

k.      Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

l.      Operating said vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

m.      Failing to operate said vehicle in compliance with the applicable laws and ordinances of the County of Berks, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle;

n.      Failing to take the proper caution to avoid striking Plaintiff's vehicle in the rear and keeping a safe distance from the Plaintiff's vehicle in from of her; and,

o.      Negligently and carelessly operating her vehicle by striking Plaintiff's vehicle in the rear, while stopped.

13.   As a direct result of the negligent and careless conduct of the Defendants, the Plaintiff, Guerda Juste, suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, her back, shoulders, and neck.

14.   As a result of these injuries, plaintiff, Guerda Juste, has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to her great financial detriment and loss.

15.   As an additional result of the careless and negligent conduct of the Defendants, the Plaintiff, Guerda Juste, has suffered emotional injuries along with the physical injuries suffered.

16.   As a further result of the injuries sustained by the plaintiff, Guerda Juste, she has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity,

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

all to her further loss and detriment.

17.     As an additional result of the careless and negligent conduct of the Defendants, the Plaintiff, Guerda Juste, suffered property damage to her vehicle, and other related expenses associated with fixing and maintaining her vehicle.

18.     Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Guerda Juste, she has incurred or will incur medical, rehabilitative, property damage, and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701, *et. seq.*, as amended, which she makes claim for in the present action.

**WHEREFORE**, Plaintiff, Guerda Juste, demands judgment in her favor and against Defendants, Alexa Althouse and John Doe 1-3, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT II

### Plaintiff, Guerda Juste  v. Defendant, USPS

19.     Plaintiff, Guerda Juste, incorporates herein paragraphs 1 through 18 inclusive, as if fully set forth below at length.

20.     At all times material hereto, USPS, acted individually and by and through its employee, agent, servant and/or workman, Alexa Althouse, and was/is negligent and/or was/is vicariously liable for the negligent and careless conduct of Defendant, Alexa Althouse, which consisted of the following acts:

a.      Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

b.      Failing to have said vehicle under proper and adequate control, and to be able to stop rather than striking the Plaintiff's vehicle in the rear;

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

c.     Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff;

d.     Operating said vehicle at a dangerous and excessive rate of speed;

e.     Being inattentive to her duties as an operator of a motor vehicle;

f.     Failing to bring said vehicle to a stop within the assured cleared distance ahead;

g.     Failing to remain continually alert while operating said vehicle;

h.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

i.     Failing to give plaintiff meaningful warning signs concerning the impending collision;

j.     Failing to exercise ordinary care to avoid a collision;

k.     Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

l.     Operating said vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

m.     Failing to operate said vehicle in compliance with the applicable laws and ordinances of the County of Berks, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle;

n.     Failing to take the proper caution to avoid striking Plaintiff's vehicle in the rear and keeping a safe distance from the Plaintiff's vehicle in from of her; and,

o.     Negligently and carelessly operating her vehicle by striking Plaintiff's vehicle in the rear, while stopped.

21.     The negligent and careless conduct of the Defendant, USPS, further consisted of the following:

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

a.      Permitting an incompetent driver to operate the vehicle;

b.      Failed to determine whether the defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.      Failing to instruct defendant driver in the proper method of operating a motor vehicle;

d.      Failing to determine the competency of defendant driver to operate the vehicle in question;

e.      Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle, at the aforesaid time and place as herein before described;

f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

g.      Failing to inspect his vehicle or to maintain his vehicle in a safe and non-defective condition;

h.      Being otherwise negligent and careless under the circumstances;

i.      Negligently entrusting the vehicle in question to a person/Defendant, that then caused said motor vehicle accident;

j.      Negligently entrusting a person/Defendant, Alexa Althouse, to drive a car, when the owner/Defendant knew or should have known that the driver had a propensity to operate a motor vehicle in a careless and negligent manner.

22.    As a direct result of the negligent and careless conduct of the Defendant, USPS, the Plaintiff, Guerda Juste, suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, back, shoulders, and neck.

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

23.     As a result of these injuries, plaintiff, Guerda Juste, she has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to her great financial detriment and loss.

24.     As an additional result of the careless and negligent conduct of the Defendant, USPS, the Plaintiff, Guerda Juste, has suffered emotional injuries along with the physical injuries suffered.

25.     As a further result of the injuries sustained by the plaintiff, Guerda Juste, she has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to her further loss and detriment.

26.     As an additional result of the careless and negligent conduct of the Defendant, USPS, the Plaintiff, Guerda Juste, suffered property damage to her vehicle, and other related expenses associated with fixing and maintaining her vehicle.

27.     Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Guerda Juste, she has incurred or will incur medical, rehabilitative, property damage and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701, *et. seq.*, as amended, which she makes claim for in the present action.

**WHEREFORE**, Plaintiff, Guerda Juste, demands judgment in her favor and against Defendant, USPS, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

## COUNT III

### Plaintiff, Marie Chery v. Defendants, Alexa Althouse and John Doe 1-3

28.   Plaintiff, Marie Chery, incorporates herein paragraphs l through 27 inclusive, as if fully set forth below at length.

29.   The negligent and careless conduct of the Defendants, consisted of the following:

a.   Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

b.   Failing to have said vehicle under proper and adequate control, and to be able to stop rather than striking the vehicle plaintiff was a passenger in the rear;

c.   Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking the vehicle plaintiff was a passenger;

d.   Operating said vehicle at a dangerous and excessive rate of speed;

e.   Being inattentive to her duties as an operator of a motor vehicle;

f.   Failing to bring said vehicle to a stop within the assured cleared distance ahead;

g.   Failing to remain continually alert while operating said vehicle;

h.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

i.   Failing to give plaintiff meaningful warning signs concerning the impending collision;

j.   Failing to exercise ordinary care to avoid a collision;

k.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

l.   Operating said vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

presence and the threat of harm posed to plaintiff;

m.      Failing to operate said vehicle in compliance with the applicable laws and ordinances of the County of Berks, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle;

n.      Failing to take the proper caution to avoid striking the vehicle plaintiff was a passenger in the rear and keeping a safe distance from the said vehicle; and

o.      Negligently and carelessly operating her vehicle by striking the vehicle plaintiff was a passenger, in the rear, while stopped.

30.     As a direct result of the negligent and careless conduct of the defendants, the Plaintiff, Marie Chery, suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, back and neck.

31.     As a result of these injuries, the Plaintiff, Maire Chery, have in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to their great financial detriment and loss.

32.     As an additional result of the careless and negligent conduct of the Defendants, the Plaintiff, Marie Chery, has suffered emotional injuries along with the physical injuries suffered.

**WHEREFORE**, the Plaintiff, Marie Chery, demands judgment in her favor and against Defendants, Alexa Althouse and John Doe 1-3, individually, jointly and severally, in an amount, not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

## COUNT IV

### Plaintiff, Marie Chery v. Defendant, USPS

33.     Plaintiff, Marie Chery, incorporates herein paragraphs 1 through 32 inclusive, as if fully set

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

forth below at length.

34.    At all times material hereto, USPS, acted individually and by and through its employee, agent, servant and/or workman, Alexa Althouse, and was/is negligent and/or was/is vicariously liable for the negligent and careless conduct of Defendant, Alexa Althouse, which consisted of the following acts:

a.    Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

b.    Failing to have said vehicle under proper and adequate control, and to be able to stop rather than striking the Plaintiff's vehicle in the rear;

c.    Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff;

d.    Operating said vehicle at a dangerous and excessive rate of speed;

e.    Being inattentive to her duties as an operator of a motor vehicle;

f.    Failing to bring said vehicle to a stop within the assured cleared distance ahead;

g.    Failing to remain continually alert while operating said vehicle;

h.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

i.    Failing to give plaintiff meaningful warning signs concerning the impending collision;

j.    Failing to exercise ordinary care to avoid a collision;

k.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

l.    Operating said vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

m.     Failing to operate said vehicle in compliance with the applicable laws and ordinances of the County of Berks, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle;

n.     Failing to take the proper caution to avoid striking Plaintiff's vehicle in the rear and keeping a safe distance from the Plaintiff's vehicle in from of her; and,

o.     Negligently and carelessly operating her vehicle by striking Plaintiff's vehicle in the rear, while stopped.

35.     The negligent and careless conduct of the Defendant, USPS, further consisted of the following:

a.     Permitting an incompetent driver to operate the vehicle;

b.     Failed to determine whether the defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.     Failing to instruct defendant driver in the proper method of operating a motor vehicle;

d.     Failing to determine the competency of defendant driver to operate the vehicle in question;

e.     Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle, at the aforesaid time and place as herein before described;

f.     Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

g.     Failing to inspect his vehicle or to maintain his vehicle in a safe and non-defective condition;

h.     Being otherwise negligent and careless under the circumstances;

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

i.     Negligently entrusting the vehicle in question to a person/Defendant, that then caused said motor vehicle accident;

j.     Negligently entrusting a person/Defendant, Alexa Althouse, to drive a car, when the owner/Defendant knew or should have known that the driver had a propensity to operate a motor vehicle in a careless and negligent manner.

36.   As a direct result of the negligent and careless conduct of the Defendant, USPS, the Plaintiff, Marie Chery suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, back and neck.

37.   As a result of these injuries, the Plaintiff, Marie Chery has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to their great financial detriment and loss.

38.   As an additional result of the careless and negligent conduct of the Defendant, USPS, the Plaintiff, Marie Chery, has suffered emotional injuries along with the physical injuries suffered.

39.   Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Marie Chery and has incurred or will incur medical, rehabilitative and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701, *et. seq.*, as amended, which they make claim for in the present action.

**WHEREFORE**, the Plaintiff, Marie Chery demands judgment in her favor and against Defendant, USPS, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees and costs, and any other relief the court may deem necessary.

Respectfully submitted,

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

Lerner, Steinberg & Associates

By:     *s/Benjamin Steinberg*

Benjamin Steinberg, Esquire

Attorney for Plaintiffs

Dated:  July 27, 2022

Received County of Berks Prothonotary's Office on 07/27/2022 12:37 PM Prothonotary Docket No. 22-11667

## VERIFICATION

Benjamin Steinberg, Esquire, hereby states that he is counsel in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information, and belief and that this Verification is made with the knowledge, permission and consent of plaintiffs.   Counsel takes this Verification for the purpose of assuring the timely filing of this pleading.   The Verification of the party-plaintiffs will be substituted at a later date.   The undersigned understands that the statements therein are made subject to penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Lerner, Steinberg & Associates

By:     *s/Benjamin Steinberg*
        Benjamin Steinberg, Esquire
        Attorney for Plaintiffs

Dated: July 27, 2022

**Berks County Civil Court Docket Summary**
**Docket Number: 22 11667**

**Judge:** Madelyn S. Fudeman, J.                    **Filed:** 07/27/2022

**SubType:** Complaint

**Attorney(s)**

**JUSTE, GUERDA**

**CHERY, MARIE**                                      Steinberg, Benjamin Ierner

    **\*\*\* VS \*\*\***

**UNITED STATES POSTAL SERVICE**

**ALTHOUSE, ALEXA**

**DOE 1-3, JOHN**

| Date | Summary |
|------|---------|
| 07/27/2022 | Tort Motor Vehicle not in excess of $50,000.00 |
| 08/18/2022 | Sheriff's Service of Complaint and Notice upon Josh Graul/APIC For Deft. United States Postal Service Personally on 8/15/2022; Sheriff's Service of Complaint and Notice upon Al Tariq Franklin/APIC for Deft. Alexa Althouse Personally on 8/16/2022 |

**CERTIFICATE OF SERVICE**

I certify that on this date, I filed the foregoing Notice of Removal with the Court

and served a copy by U.S. Mail, postage prepaid, and electronic mail on the following:

Benjamin Steinberg, Esquire
LERNER, STEINBERG & ASSOCIATES
359 E. Street Road
Feasterville, PA 19053
ben@lsalaw.com

*Counsel for Plaintiffs*

Dated: September 15, 2022                     /s/ Mark J. Sherer
                                              MARK J. SHERER
                                              Assistant United States Attorney

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Guerda Juste, Marie Chery | United States Postal Service, Alexa Althouse, John Doe 1-3 |

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin Steinberg; Lerner, Steinberg & Associates; 359 E. Street Rd., Feasterville, PA 19053; (215) 355-6400

Attorneys *(If Known)*
AUSA Mark J. Sherer; U.S. Attorney's Office; 615 Chestnut St., Suite 1250, Philadelphia, PA 19106; (215) 861-8445

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1346(b)(1)
Brief description of cause:
Federal Tort Claims Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
$50,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
Sep 15, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mark J. Sherer, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 514 Snyder Road, Reading, PA 19609 _____

Address of Defendant: _____ 615 Chestnut Street, Suite 1250, Philadelphia, PA _____

Place of Accident, Incident or Transaction: _____ Berks County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/15/2022__     __/s/ Mark J. Sherer__     _____
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
    *(Please specify):* __Federal Tort Claims Act__

**B.**    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mark J. Sherer__ , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __09/15/2022__     __/s/ Mark J. Sherer, AUSA__     _____
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)