UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUERDE JUSTE and : | |
| MARIE CHERY, : | |
|     Plaintiffs, : | |
| : | |
|     v. : | No. 5:22-cv-03683 |
| : | |
| UNITED STATES POSTAL SERVICE; : | |
| ALEXA ALTHOUSE; and : | |
| JOHN DOE 1-3; : | |
|     Defendants. : | |

**O P I N I O N**
**Motion to Dismiss, ECF No. 7 - Granted**

**Joseph F. Leeson, Jr.**                                                                        **March 22, 2023**
**United States District Judge**

### I.    INTRODUCTION

       The above-captioned action arises from allegations of a motor vehicle collision between the vehicle occupied by Plaintiffs Guerde Juste and Marie Chery and a United States Postal Service ("USPS") vehicle operated by Defendant Alexa Althouse in the course of her employment with Defendant USPS. USPS and Althouse have moved to dismiss all claims against them for lack of jurisdiction. For the reasons set forth below, the Motion to Dismiss is granted.

### II.    BACKGROUND

       On July 27, 2022, Plaintiffs filed a complaint in the Berks County Court of Common Pleas alleging that on or about August 4, 2020, Althouse was negligently operating a USPS vehicle within the scope of her employment with USPS and struck a vehicle driven by Juste, in

which Chery was a passenger, in the rear.[1]  USPS and Althouse removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1).

After the time for Plaintiffs to seek remand expired, USPS and Althouse filed a Motion to Dismiss all claims against them for lack of jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).  *See* Mot., ECF No. 7.  Defendants argue that the state court lacked subject-matter jurisdiction to adjudicate claims against USPS, a federal agency, and Althouse, a federal employee alleged to be acting within the scope of her employment; therefore, this Court also lacks jurisdiction.  Next, because USPS and Althouse are absolutely immune they must be dismissed.  Defendants recognize that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, presents a limited waiver of sovereign immunity to permit claims of negligence involving a federal agency or a federal employee acting within the scope of employment, but the only proper defendant to an FTCA claim is the United States.  USPS and Althouse contend that leave to amend to substitute the United States as defendant would be futile because Plaintiffs failed to exhaust an administrative claim before filing suit, thereby depriving this Court of jurisdiction over any tort claim against the United States.

In response, Plaintiffs assert that the case was improperly removed pursuant to 28 U.S.C. § 1442(a)(1), but that removal would have been proper under 28 U.S.C. § 2679(d) because Althouse was driving a motor vehicle within the scope of her employment.  Resp. ECF No. 8 (citing *Thompson v. Wheeler*, 898 F.2d 406 (3d Cir. 1990) (questioning whether the case was properly removed under 28 U.S.C. § 1442 instead of 28 U.S.C. § 2679(d) but finding no need to

---

[1] The Complaint also includes claims against John Doe 1-3, who are identified as "individuals, whose names and addresses are unknown."  Compl. ¶ 7, ECF No. 1 at Ex. A.  There are no factual allegations regarding John Doe 1-3 or of any unidentified persons in the Complaint, nor is there any indication that Althouse was not alone in the USPS vehicle.

resolve the issue by treating the government's response as a request to amend a defective allegation of jurisdiction pursuant to 28 U.S.C. § 1653)). *See also* Sur-reply, ECF No. 10. Plaintiffs further argue they exhausted administrative remedies by notifying USPS of their claim.

Defendants reply that removal was proper under § 1442(a)(1) and would not have been proper under § 2679(d) because the Attorney General has not certified that Althouse was acting within the scope of employment. *See* Reply, ECF No. 9.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss under Rule 12(b)(1) – Review of Applicable Law

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3). A factual attack challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack "cannot occur until plaintiff's allegations have been controverted[,]" *Mortensen*, 549 F.2d at 892 n.17, which occurs when the movant files an answer or "otherwise presents competing facts." *Aichele*, 757 F.3d at 358. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and

attached thereto, in the light most favorable to the plaintiff. . . . [But i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original).

   **B.**  **Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law**

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### C.     Removal and Derivative Jurisdiction

There are several statutes permitting removal of an action from state to federal court. The federal officer removal statute, 28 U.S.C. § 1442, provides in relevant part:

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442(a)(1). Section 1442 "should be broadly construed in favor of a federal forum." *Calhoun v. Murray*, 507 F. App'x 251, 260 (3d Cir. 2012). "The federal officer removal statute is not 'narrow' or 'limited;'" *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969), but "must be predicated on the allegation of a colorable federal defense," *Mesa v. California*, 489 U.S. 121, 129 (1989). "When a case is removed under § 1442(a)(1), the jurisdiction of the federal court is derivative of that of the state court." *Selvaggio v. Horner*, 42 F. Supp. 3d 732, 734 (E.D. Pa. 2014). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Balt. & O. R. Co.*, 258 U.S. 377, 382 (1922).

Title 28 U.S.C. § 2679(d) also allows for removal of an action against a federal employee in certain circumstances. Under § 2679(d)(2), the Attorney General "shall" remove the case to the district court of the United States "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." "In the event that the Attorney General has refused to certify scope of office or employment. . ., the employee may . . . petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. §

2679(d)(3). If such a petition is filed, the Attorney General "may" remove the action to the district court. *Id.*

      **D.**     **Immunity**

The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (discussing 28 U.S.C. § 2679(b)(1)). *See also Vanderklok v. United States*, 868 F.3d 189, 201-02 (3d Cir. 2017) (holding "there is no waiver of immunity for state law claims brought against a government employee 'acting within the scope of his office or employment,' except to the extent specified in the FTCA"). Under the Act, the Attorney General may "certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn*, 549 U.S. at 229-30 (quoting 28 U.S.C. § 2679(d)(1), (2)). "Upon the Attorney General's certification, the employee is dismissed from the action, []the United States is substituted as defendant in place of the employee, [and t]he litigation is thereafter governed by the Federal Tort Claims Act (FTCA)." *Id.* at 230. *See also Gordon v. Mia*, No. 22-2424, 2022 U.S. Dist. LEXIS 146960, at *3-4 (E.D. Pa. Aug. 17, 2022) ("It is well-settled that the only proper defendant for claims brought under the FTCA is the United States of America, not the federal agency sued in its own name or individual federal employees sued in their official capacities.").

"Once the United States substitutes itself for an individual defendant, the district courts only have jurisdiction to hear those claims if the United States has explicitly waived its sovereign immunity." *Vanderklok*, 868 F.3d at 201. The FTCA is the exclusive waiver of sovereign immunity for tort claims against the United States for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal citations omitted)). Because the FTCA provides a limited waiver of the United States' sovereign immunity, its established procedures must be strictly construed. *See White-Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). A court "should not take it upon [itself] to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 118 (1979); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity . . . must be unequivocally expressed." (internal quotations omitted)).

      E.      **FTCA Exhaustion**

An FTCA action may not be instituted unless the claimant first presents the claim to the appropriate federal agency seeking a sum certain. *See* 28 U.S.C. §§ 2675(a)-(b). Section § 2675 provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except . . . .

28 U.S.C. §§ 2675(a)-(b). "Presented" means more than merely mailing the claim. *See Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009). "'[P]resentment,' occurs when: 'a Federal agency receives . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury . . . alleged to have

occurred by reason of the incident. . . ." *Brown v. Camden Cty. Counsel*, No. 10-1098, 2010 U.S. App. LEXIS 9826, at *4-7 (3d Cir. May 13, 2010) (quoting 28 C.F.R. § 14.2(a);[2] 39 C.F.R. § 912.5(a)).  It is the plaintiff's burden to "demonstrate that the Federal agency was in actual receipt of the claim, whether on initial presentment or on a request for reconsideration."  *See Lightfoot*, 564 F.3d at 628.

The exhaustion requirement in § 2675(a) "is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).  The final denial requirement in § 2675(a) "is jurisdictional and cannot be waived."  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).  The "sum certain requirement contained in § 2675(b) is [also] jurisdictional.  Thus, a claimant's failure to present his FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim."  *White-Squire*, 592 F.3d at 457-58 (3d Cir. 2010).

**IV.    ANALYSIS**

The Motion to Dismiss presents a factual attack to jurisdiction.  *See Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997) (holding that a motion to dismiss for lack of subject-matter jurisdiction is a factual challenge and the court may consider evidence outside the complaint); *Stroman v. United States Postal Serv.,* No. 21-4400, 2022 U.S. Dist. LEXIS 100252,

---

[2]  Title 28 C.F.R. § 14.2(a) provides:
For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

at *5 (E.D. Pa. June 6, 2022) ("Defendants' motion, which contends Plaintiff failed to exhaust his administrative remedies before filing this case, presents a factual attack.").

    A.  **Removal was proper under 28 U.S.C. § 1442.**

In an apparent attempt to avoid the derivative jurisdiction statute,[3] Plaintiffs assert that the case should have been removed under 28 U.S.C. § 2679(d), not § 1442(a)(1). However, § 2679(d) is not applicable because the Attorney General has not certified that Althouse was acting within the scope of employment, nor has Althouse filed a petition for such certification. *See* 28 U.S.C. §§ 2679(d)(2)-(3) (allowing for removal "[u]pon certification" or after an employee files a petition for certification). Plaintiffs' reliance on *Thompson v. Wheeler* is therefore misplaced because the court confirmed that "under section 2679(d), federal jurisdiction lies only after the Attorney General certifies that the federal driver was acting within the scope of his employment." *Thompson*, 898 F.2d at 409, n.2.

The *Thompson* court's decision to base removal jurisdiction on § 2679(d) instead of § 1442(a)(1) is distinguishable. *Thompson* addressed the removal of a third-party complaint, which sought contribution from a federal employee, in an action over which the state court originally had jurisdiction over non-federal parties. *See id.* at 406-07. After the third-party complaint was filed, the federal employee (third-party defendant) filed a petition for removal alleging that he was acting under color of federal office. *See id.* At the same time, he also

---

[3]  Plaintiffs assert that "the derivative jurisdiction doctrine has faced considerable adverse criticism" and complain that Defendants choose the only removal statute that allows for derivative jurisdiction. *See* Resp. 3-4; Reply 1-2. They reference changes in the general removal statute, 28 U.S.C. § 1441, and a 2007 Fourth Circuit case questioning but applying the derivative jurisdiction doctrine. *See id.* These arguments are unavailing. *See Calhoun v. Murray*, 507 F. App'x 251, 256 (3d Cir. 2012) (stating that "the doctrine of derivative jurisdiction has been abrogated for removals under the general removal statute, 28 U.S.C. § 1441, . . . [but] still applies to removals, as in this case, pertaining to federal officers, 28 U.S.C. § 1442").

moved to dismiss the third-party complaint based on a release signed by the third-party plaintiff (Wheeler) releasing the United States of any and all claims.  *See id.* at 407-08.  The circuit court stated that "removal under 28 U.S.C. § 1442 raised a problem since the district court might not have had subject matter jurisdiction based upon that section unless somehow the assertion of the release as a bar to Wheeler's claim raised a colorable federal defense."  *Id.* at 408-10 (questioning, also, whether a third-party defendant could exercise removal jurisdiction[4]).  Without deciding whether removal was proper under § 1442, the court treated the removal petition as including 28 U.S.C. § 2679(d) as a basis for district court jurisdiction.  *See id.* at 409-10 (citing 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")).

      Unlike *Thompson*, USPS and Althouse have presented a federal defense: official immunity.  *See Willingham*, 395 U.S. at 407 (holding that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court").  Additionally, the state-court complaint alleged that Althouse was acting "within her scope of employment" at the time of the collision and "all times material hereto."  Compl. ¶ 5.  It further alleged that USPS is "vicariously liable for the negligent and careless conduct of the Defendant, Alexa Althouse, who was acting within the course and scope of her employment . . . ."  *Id.* ¶ 6.  The clear federal defense of immunity combined with Plaintiffs' allegations put this case squarely under the removal jurisdiction of 28 U.S.C. § 1442.  *See Willingham*, 395 U.S. at 407; *Osborn*, 549 U.S. at 249 (holding that a "federal officer's ability to remove under § 1442 [is] controlled by the plaintiff's allegations," which is in contrast with "the Attorney General's ability

---

[4]    The court noted that "the courts have had no difficulty concluding that federal officers and agencies, as third-party defendants, may remove cases within the Federal Tort Claims Act under section 1442(a)."  *Thompson*, 898 F.2d at 409 n.2.

to remove a suit to federal court under § 2679(d)(2)"). Because removal was proper under § 1442, the doctrine of derivative jurisdiction will be applied.[5]

### B. This Court lacks subject-matter jurisdiction.

The Berks County Court of Common Pleas had no authority to adjudicate the negligence claims against USPS and Althouse for conduct occurring within the scope of Althouse's employment with the USPS. *See Rivera v. United States Postal Serv.*, No. 2:22-cv-02958-MMB, 2022 U.S. Dist. LEXIS 183853, at *5 (E.D. Pa. Oct. 7, 2022) (dismissing the action, which had been removed pursuant to § 1442, because the state court lacked jurisdiction to adjudicate a tort claim against a federal agency and its employees); *Roberts v. Berryhill*, 310 F. Supp. 3d 529, 535 (E.D. Pa. 2018) (stating "state courts generally do not have jurisdiction over federal agencies absent a waiver of sovereign immunity" (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Pursuant to the derivative jurisdiction doctrine, because the state court lacked jurisdiction this Court also lacks jurisdiction. *See Gordon*, 2022 U.S. Dist. LEXIS 146960, at *4-5 (concluding, pursuant to the doctrine of derivative jurisdiction, that because the state court lacked jurisdiction over the tort claims arising from a rear-end collision by a USPS employee acting within the scope of employment, the federal court also lacked subject-matter jurisdiction over the claims removed under § 1442); *Selvaggio*, 42 F. Supp. 3d at 734 (concluding that "since the state court had no power to adjudicate a claim against the United States for negligence at a Post Office, this court likewise has no power to adjudicate this claim against it). The above-captioned action may therefore be dismissed for lack of subject-matter jurisdiction.

---

[5] Even if removal was improper under 28 U.S.C. § 1442(a)(1) and should be considered pursuant to 28 U.S.C. § 2679(d), the end result would be the same. Pursuant to § 2679(d)(1), USPS and Althouse would be dismissed and the United States would be substituted in their place. The Court's discussion below regarding exhaustion would become not merely a futility analysis but the basis to dismiss the complaint against the United States.

### C. Leave to amend to substitute the United States as defendant would be futile because Plaintiffs failed to exhaust administrative remedies.

Although this Court lacks subject-matter jurisdiction over negligence claims against Althouse and USPS, the Complaint will not be dismissed unless an amendment would be futile.[6] *Cf. Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015) (not precedential) (refusing to affirm the court's dismissal for lack of jurisdiction of an FTCA claim where only the federal agency and its employees were named because an amended complaint substituting the United States could cure this defect); *with Rivera*, 2022 U.S. Dist. LEXIS 183853, at *6 (concluding that because the court did not have subject-matter jurisdiction to hear the case, it could not consider whether the plaintiff properly exhausted administrative remedies).

No amendment could cure the deficiencies as to USPS and Althouse because they are immune from suit. *See Osborn*, 549 U.S. at 229 (holding that federal employees are absolutely immune from state-tort claims arising out of acts taken in the course of their official duties). USPS and Althouse are therefore dismissed with prejudice.

No amendment substituting the United States as defendant could cure the deficiencies in the Complaint because, for the reasons set forth below, Plaintiffs failed to exhaust an administrative claim against the United States.[7] *See Stroman*, 2022 U.S. Dist. LEXIS 100252, at

---

[6] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002) (holding that a complaint should be dismissed without leave to amend only if an amendment would be inequitable or futile.

[7] Although the Court has the ability to substitute the United States as defendant, it is not required to do so here. *See* 28 U.S.C. §§ 2679(d)(1)-(3) (requiring the district court to substitute the United States as defendant only upon certification by the Attorney General that the employee was acting within the scope of employment or upon court finding that the employee was acting within the scope of employment following the employee's petition for the same). The findings as to exhaustion are therefore part of a futility analysis and made without prejudice to Plaintiffs' right to initiate a new action in federal court against the United States pursuant to the FTCA. In deciding whether and when to bring a separate action, however, counsel is cautioned to consider the Court's analysis.

*5-6 (dismissing the complaint without leave to amend because the plaintiff failed to exhaust administrative remedies pursuant to the FTCA).

Plaintiffs suggest they exhausted administrative remedies based on two documents.[8] First, an unsigned letter dated August 19, 2020, from counsel on behalf of clients "Guerde Juste & Marie Chery" to a USPS retail location, asking to be contacted to discuss payment for the personal injuries they sustained in the collision with Althouse on August 4, 2020. *See* Resp. Ex. C, ECF No. 8-3. A copy of the police report from the incident was attached to the letter. *See id*; Mot. Ex. 2, ECF No. 7-2. Plaintiffs have a signed certified mail receipt dated August 22, 2020, showing delivery of this letter. *See* Mot. Ex. 2. The second document is an unsigned letter dated July 25, 2022, from counsel on behalf of clients "Guerde Juste & Marie Chery" to a USPS tort email address, asking to be contacted regarding their "claims for personal injuries." *See* Resp. Ex. B, ECF No. 8-2. Counsel attached "medical documentation supporting their claim for pain and suffering, etc." *See id.* Plaintiffs have provided a copy of the letter that was purportedly emailed, but not the email itself or anything showing that the letter was actually sent. Plaintiffs state that they received no response to either letter. *See* Sur-reply 3.

The USPS has no record of either letter. *See* Herbst Dec., Mot. Ex. 1, ECF No. 7-1 (stating that a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication found no evidence of an administrative claim filed by or on behalf of Guerde Juste and/or Marie Chery and that a search of all Postal Service tort claims coordinator

---

[8] Plaintiffs refer to a third document, a Standard Form ("SF") 95 sent to USPS in January 2023 and accepted via certified mail, but do not provide a copy of the same for this Court's review, nor state that it contained a request for sum certain as to each individual Plaintiff. *See* Sur-reply 4. Moreover, this form was presented after suit was filed and USPS has not issued a final decision on the claim, nor have six months elapsed since it was accepted. *See* 28 U.S.C. § 2675(a) (An administrative claims is "a prerequisite to filing suit.").

database records found no evidence of an administrative claim filed by or on behalf of Guerde Juste and/or Marie Chery at the local level).

To satisfy exhaustion, a "plaintiff must demonstrate that the Federal agency was in actual receipt of the claim." *Lightfoot*, 564 F.3d at 628.  In light of the declaration from the USPS employee that it had no record of any claim and of the absence of any evidence that the July 25, 2022 letter was actually emailed, Plaintiffs have failed to show this letter could have satisfied the exhaustion prerequisite.  *See Shelton*, 775 F.3d at 569 (concluding that a declaration from agency counsel stating that his search of the administrative claims database showed that the plaintiff had not filed an administrative tort claim was sufficient to establish that the district court lacked jurisdiction due to the plaintiff's failure to exhaust).  The letter is also insufficient for the same three reasons the August 19, 2020 letter fails to satisfy the requirements of a claim.[9]

First, both letters were sent on behalf of "Guerde Juste & Marie Chery."  *See* Resp. Exs. B-C.  Under § 2675(a), however, "before the jurisdiction of the courts may be invoked, each claimant must submit an independent and separate claim to the appropriate administrative agency for review and possible settlement."  *Pa. by Sheppard v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 23 (3d Cir. 1975) (holding that "the purpose and the language of the statute require claimants to have separately and individually satisfied all jurisdictional requirements").

Second, neither letter included a request for a sum certain.  "Congress's purpose in requiring administrative presentment, [] is to encourage the settlement of meritorious claims."

---

[9]     Because the August 19, 2020 letter is insufficient to constitute a claim, there is no reason to address whether it was filed at the appropriate location or whether USPS "was in actual receipt of the claim."  *See Huberty v. United States Ambassador to Costa Rica*, 316 F. App'x 120, 122 (3d Cir. 2008) (affirming dismissal of a complaint because the plaintiff "failed to file a claim with the appropriate administrative agency"); *Lightfoot*, 564 F.3d at 628 (explaining that "presented" under 28 U.S.C. § 2675(a) means more than merely mailing a claim).

*White-Squire*, 592 F.3d at 459.  "Providing a sum certain claim for damages is central to this policy of requiring presentment of claims to the appropriate federal agency because it enables the agency head to determine whether the claim can legally be settled by the agency and, if so, from where the payment should come." *Id.*  "[I]t goes without saying that an agency cannot consider settling a claim if it cannot ascertain the claim's value." *Id.*  Plaintiffs' assertion that even by the time of the second letter, approximately two years after the collision, it was "impractical to identify a sum certain," *see* Sur-reply 3, is unavailing.  *See Bruno v. United States Postal Serv.*, 264 F. App'x 248, 248-49 (3d Cir. 2008) (determining that the district court lacked jurisdiction because the letter submitted by counsel to the USPS did not include a specific sum).

Third, because each Plaintiff failed to present a signed administrative claim to USPS for a sum certain,[10] an FTCA action is premature.  *See Burke v. Veolia Energy Co.*, No. 16-5559, 2017 U.S. Dist. LEXIS 13663, at *6 (E.D. Pa. Feb. 1, 2017) (concluding that the FTCA action was premature because suit was filed before the agency issued a decision).  The FTCA "require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993) (reasoning that "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions").

Plaintiffs suggest they are relieved of the exhaustion requirement because Defendants failed to respond to the letters, which were not properly presented, and failed to send SF 95, which is a form readily available on the internet *see* https://www.gsa.gov/forms-library/claim-damage-injury-or-death (last accessed March 16, 2023), to Plaintiffs to complete and submit.

---

10      "The necessity for a signature to the claim is to fix responsibility for the claim and the representations made therein." *Bialowas*, 443 F.2d at 1050 (affirming dismissal for failure to exhaust because the claim was neither signed, nor did it include a sum certain).

These arguments are meritless. *See White-Squire*, 592 F.3d at 456 (holding that because the FTCA provides a limited waiver of the United States' sovereign immunity, its established procedures must be strictly construed). The dictates of § 2675 must be followed even where the burden on the United States is only slight because "the statute governs the processing of a vast multitude of claims [and t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *McNeil*, 508 U.S. at 111-12.

For all these reasons, an amendment substituting the United States would be futile because the Court lacks jurisdiction over an unexhausted FTCA claim.

### D. The matter is not remanded and Defendants John Doe 1-3 are dismissed.

Having dismissed USPS and Althouse with prejudice and found no basis to substitute the United States as defendant, the only claims remaining are state-law claims against John Doe 1-3. The Complaint may not proceed against John Doe 1-3, however, because all the named defendants have been dismissed. *See Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 131 (3d Cir. 2018) ("Once the District Court dismissed all of the claims against the named defendants, this claim against the Doe Defendants could not proceed. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998)"). Accordingly, there is no basis for remand and John Doe 1-3 are dismissed without prejudice.[11]

---

[11] Because all named defendants have been dismissed, there is no need to consider whether Plaintiffs can amend to allege facts against John Doe 1-3 that would support a claim. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (holding that, generally, a court may not dismiss a complaint on the pleadings sua sponte against a non-moving defendant "unless no set of facts could be adduced to support the plaintiff's claim for relief" (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Complaint is so utterly devoid of allegations against John Doe 1-3, this Court is also unable to determine whether they, like the named defendants, are entitled to immunity. Their dismissal is therefore without prejudice. Counsel is cautioned against renaming John Doe 1-3 in any separately filed suit against the United States if John Doe 1-3 are federal employees acting within the scope of employment.

## V.  CONCLUSION

Plaintiffs brought tort claims in state court against a federal agency and federal employee alleged to have been acting within the scope of employment.  Defendants properly removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and asserted the defense of immunity.  Applying the derivative jurisdiction doctrine, this Court acquired no jurisdiction on removal because the state court lacked subject-matter jurisdiction.  Any amendment against the named Defendants would be futile because they are immune.  The FTCA provides a limited waiver to this immunity, but the United States is the only proper defendant.  Because Plaintiffs failed to exhaust an administrative claim against the United States, which is a prerequisite to an FTCA claim, any amendment to substitute the United States as defendant would also be futile.  USPS and Althouse are dismissed with prejudice.  The Complaint, including claims against John Doe 1-3, is dismissed without prejudice to Plaintiffs' right to bring a separate action in federal court if an administrative claim is properly and timely exhausted.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge